O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA WRIGHT,<br><br>　　　　Plaintiff,<br>　　v.<br>CAROLYN COLVIN,[1] Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. CV 12-08952-OP<br><br>MEMORANDUM OPINION AND ORDER |

　　The Court[2] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[3]

---

　[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

　[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 11, 12.)

　[3] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).
continue...

# I.

# DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether there is an inconsistency between the ALJ's residual functional capacity ("RFC") finding, and his finding that Plaintiff can perform the requirements for the jobs of parking lot attendant, cashier, information clerk, surveillance system monitor, order clerk, sticker and table worker, as described in the Dictionary of Occupational Titles ("DOT"). (JS at 3-11.)

# II.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

---

[3]...continue
(ECF No. 9 at 3.)

## III.

## **DISCUSSION**

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of insulin dependent diabetes mellitus with proliferative retinopathy, peripheral neuropathy, and orthostatic hypertension; and cannabis abuse.  (Administrative Record ("AR") at 22.)

The ALJ concluded that Plaintiff has the RFC to perform light work, including the ability to lift and/or carry up to ten pounds frequently, twenty pounds occasionally and/or use a negligible amount of force constantly to move objects; can stand and walk up to six hours and sit up to six hours in an eight-hour workday with normal breaks, provided that standing and walking does not exceed one hour at a time and after one hour of standing and walking Plaintiff can sit for at least five minutes.  (Id. at 23.)  The ALJ also concluded that Plaintiff can perform work that does not require climbing ladders, ropes or scaffolds and does not require any exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions, and "that does not require the driving of a vehicle (i.e., seizure/syncope precautions)."  (Id.)  Finally, the ALJ found that Plaintiff can also perform work that "does not require fine near or far visual acuity (i.e., she would not be required to have fine vision or work with small objects)."  (Id.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that given Plaintiff's age, education, work experience, and RFC, she is capable of performing the requirements of such light occupations as:  parking lot attendant (DOT No. 915.473-010); cashier (DOT No. 211.462-010); and information clerk (DOT No. 237.367-018).  (Id. at 26.)  She could also do the following sedentary occupations:  surveillance system monitor (DOT No. 379.367-

010); and order clerk (DOT No. 209.567-014). (AR at 26-27.) The ALJ also determined that even if Plaintiff's RFC was further constrained such that she could only perform sedentary work, Plaintiff could still perform the jobs of order clerk as described above; sticker (DOT No. 734.687-090); and table worker (DOT No. 739.687-182). (AR at 27.)

**B.    There Was Ambiguity Between the ALJ's Findings Regarding Plaintiff's Visual Limitations and Her Ability to Perform Certain Occupations.**

Plaintiff contends that the occupations suggested by the VE, as described in the DOT, are inconsistent with the vision limitations of her RFC, and that she is, therefore, unable to meet the work requirements of any of them.

A review of the record shows that the ALJ presented the VE with two hypotheticals. In the first hypothetical, the following colloquy took place:

    Q    For this first hypothetical, this person would perform work that did not require fine, distant visual acuity.
    A    Fine, distant.
    Q    Distant acuity, and to put that within a framework, what a normal person would be able to see at 70 feet, this person could only see at 20 feet. Does that help, I mean to clarify that?
    A    No, but ---
    Q    No, it doesn't?
    A    – well, a little.
    . . . .
    Q    Do you need me to clarify that further?
    A    No, that's okay. Uh-uh. See what else.

(Id. at 59.)

For the second hypothetical, the ALJ asked the VE to assume "everything

1  that was in the first hypothetical," but further limited the hypothetical individual's
2  vision:

> In this instance, though, the person has monovision. In conjunction with
> that, the person has – does not have depth perception, but can discern
> relative distances based on sizes and shapes, and the person would have
> also a limited amount of peripheral vision which could be
> accommodated by rotation of the head and/or torso in the direction
> where the vision would normally be limited . . .

(Id. at 63.)

The ALJ's RFC finding stated that Plaintiff "can perform work that does not require *fine near or far* visual acuity (i.e., she would not be required to have fine vision or work with small objects)." (Id. at 23 (emphasis added).) Plaintiff argues that each of the occupations suggested by the VE would require fine near and/or far visual acuity.[4] (JS at 5-11.) With respect to the parking lot attendant job, she also argues that job would require driving, or working around hazards in that it might require patrolling the parking lot to prevent thefts from parked automobiles.[5] (Id. at 6.)

The Court finds that the ALJ's hypotheticals to the VE are ambiguous at best with respect to whether the VE understood the ALJ to include a visual acuity limitation for fine *near* acuity. Arguably, the ALJ's "clarification" that "fine, distant visual acuity" meant that "what a normal person would be able to see at 70

---

[4] She argues that the parking lot attendant job would require both fine near and fine far visual acuity; the other occupations she only argues would require fine near visual acuity. (JS at 5-11.)

[5] The Court is not persuaded by Plaintiff's arguments that the parking lot attendant position would require her to drive automobiles or would otherwise expose her to hazards.

5

feet, this person could only see at 20 feet," led the VE to believe that the ALJ intended to include only a limitation for fine *distance* acuity, and not to include a limitation for fine near acuity. Thus, given the ambiguity in the ALJ's "clarification," it is also ambiguous as to whether the VE included a fine near visual acuity limitation when formulating her opinions, either in suggesting the occupations she did, or in eroding the number of jobs available.

**C.    This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin, 654 F.2d at 635. Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635.

Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's fine near acuity limitation on her ability to perform the occupations suggested by the VE, and to sufficiently explain any deviation from the DOT, or erosion in the job base as a result of that limitation.

Dated: May 22, 2013

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge